IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| GREGORY RYAN WEBB, | ) |
| Plaintiff, | ) |
| | ) No. 2:25-cv-00007 |
| v. | ) |
| WILLIAM T. RIDLEY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Gregory Ryan Webb, a resident of Waverly, Illinois, has filed a pro se civil rights action under 42 U.S.C. § 1983 against William T. Ridley. (Doc. No. 1). Webb also has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2), a Motion to Amend/Correct IFP Application (Doc. No. 6), and a Motion for Service of Process (Doc. No. 7). Before the Court proceeds, the Court must address the filing fee.

### I. FILING FEE

In his Motion to Amend/Correct IFP Application, Plaintiff submits the last page of his original IFP Application that he inadvertently excluded. Plaintiff's Motion (Doc. No. 6) is **GRANTED**, and the Court has now received a complete IFP Application to consider.

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. Adkins, 335 U.S. at 339; Foster v. Cuyahoga Dep't of Health and Human Servs., 21

1

F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." Foster, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." Id.

Plaintiff's IFP Application reflects that he is unable to bear the costs of paying the filing fee in this case. Plaintiff states that his monthly income is "less than $1000," his monthly expenses total "$1000ish", and he currently has $1 in "Cash App" and $0.38 in Venmo. (*Id*. at PageID# 12-16; Doc. No. 6 at PageID# 24). Therefore, Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

## II. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

The Court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The complaint contains numerous allegations that are hard to follow. As the Court understands it, Plaintiff believes that Defendant, a former city attorney, became a "Magistrate or Judge" during 2021 and, a year later, "placed [Plaintiff] in a fake character test 'game' [Plaintiff] kept rejecting." (Doc. No. 1 at PageID# 1). Plaintiff believes this "hunger game, running man game" was Plaintiff's "ransom." (Id. at PageID# 3). Plaintiff further alleges that Defendant conducted a "fake" and "staged" preliminary hearing[1] and "conducted this hearing allowing opposing attorney and ADA to team up against [Plaintiff] in combined preliminary to Order of Protection hearing in which [Plaintiff] was denied attorney." (Id. at PageID# 2). According to Plaintiff, Defendant "allowed this corruption in the courtroom, and for the case to be bound over to Grand Jury" because it increased his popularity for an upcoming election. (Id. at PageID# 2, 4). As relief, Plaintiff requests $250,000,000 in damages and asks the Court to place Defendant in "prison immediately." (Id. at PageID# 6).

Plaintiff brings his claims against Defendant pursuant to Section 1983. He alleges that Defendant was a sitting magistrate or judge at the time of the events described in the complaint. The Court's independent research reveals that, in 2022, William T. Ridley was appointed as a General Sessions, Juvenile & Probate and Family Judge in Cumberland County, Tennessee. See https://perma.cc/FD63-6N99 (last visited June 5, 2025). Thus, it appears that Defendant was the judge or one of the judges who presided over Plaintiff's divorce and divorce-related proceedings in Cumberland County.[2]

---

[1] The case and hearing Plaintiff reference appear to have occurred in Plaintiff's divorce or divorce-related proceedings.

[2] The Court takes judicial notice of the many cases filed by Plaintiff in this district in which he raises various claims relating to his divorce proceedings and the allegations raised therein. See, e.g., Case Nos. 2:24-cv-39, 2:24-cv-56, 2:24-cv-68, 2:24-cv-70, 2:24-cv-85, 3:24-cv-819.

The complaint alleges no plausible allegations that Defendant, as a sitting judge, performed acts outside of his official authority. Judicial defendants who act within their jurisdiction are immune from liability in their individual capacities for monetary damages. See Huff v. First Energy Corp., No. 512cv2583, 2013 WL 639328, at *4 (N.D. Ohio Feb. 20, 2013). Thus, insofar as the complaint asserts claims against Defendant for monetary relief in his individual capacity, those claims are subject to dismissal.

While Plaintiff may disagree with rulings made by Defendant during the pendency of Plaintiff's divorce and divorce-related proceedings, that is insufficient to state a federal claim against Defendant. To the extent that the complaint seeks to reverse the outcome of Plaintiff's divorce proceedings (which includes determinations as to the custody of his son),[3] such claims fall squarely within the scope of Rooker-Feldman. See Pletos v. Makower Abatte Guerra Wegner Vollmer, PLLC, 731 F. App'x 431, 436 (6th Cir. 2018) (plaintiffs' claims that effectively sought to appeal a state court order were barred by Rooker-Feldman even though they were asserted as independent claims against third parties); Givens v. Homecomings Fin., 278 F. App'x 607, 609 (6th Cir. 2008) ("Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of Rooker-Feldman was appropriate."); Bowman v. Cortellessa, 2012 WL 676406 (E.D. Ky. Feb. 29, 2012) (plaintiff was barred by Rooker-Feldman doctrine from bringing claims against former spouse based on allegations that benefits had not been appropriately awarded in state divorce proceeding and that the former spouse provided the state court with false and/or perjured information).

---

[3] Plaintiff maintains that his son has been "kidnapped" rather than custody being awarded to the son's mother. (Doc No. 1 at PageID# 3).

Regarding any Section 1983 claims raised in the complaint and not yet addressed by the Court, those claims also fail. As the Court has found in another case filed by Plaintiff,[4] the events about which Plaintiff complain occurred in 2021 and 2022. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. The statute of limitations for a Section 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arise." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). Porter v. Brown, 289 F. App'x 114, 116 (6th Cir. 2008). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). Claims accrue and the statute of limitations period begins to run when the plaintiff knows or has reason "to know of the injury which is the basis of his action." Roberson v. Tenn., 399 F.3d 792, 794 (6th Cir. 2005). This inquiry is objective, and courts look "to what event should have alerted the typical layperson to protect his or her rights." Hughes v. Vanderbilt Univ., 215 F.3d 543, 548 (6th Cir. 2000). It is the Court's responsibility to "determine whether the alleged precipitating event or events occurred more than a year before [the plaintiff] filed the complaint." Standridge v. Tenn. Dep't of Children's Servs., No. 3:08-CV-133, 2009 WL 348782, at *7 (E.D. Tenn. Feb. 10, 2009).

Here, because the alleged precipitating events occurred almost three years before Plaintiff filed his complaint on February 11, 2025, and because Plaintiff was aware of his claimed injuries

---

[4] In Gregory Ryan Webb v. 13th District DA's Office, No. 2:24-cv-68 (filed 9/19/2024 M.D. Tenn.), the Court dismissed Plaintiff's Section 1983 claims arising from the same 2021 and 2022 alleged events as untimely filed. (See Doc. No. 15). Although a res judicata analysis may apply here, the Court finds it unnecessary. Simply put, Plaintiff's claims are not going forward, whether on judicial immunity, Rooker-Feldman, statute of limitation, or res judicata grounds.

at the time of those events, Plaintiff's claims concerning these events are barred by the governing statute of limitations for Section 1983 claims.

Finally, to the extent the complaint asks the Court to place Defendant in prison, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." Tunne v. U.S. Postal Service, No. 5:08CV-189-R, 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010) (quoting Sahagian v. Dickey, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." Williams v. Luttrell, 99 F. App'x 705, 707 (6th Cir. 2004). Thus, this Court is without jurisdiction to initiate any investigations of alleged criminal activity upon request of Plaintiff.

### III. CONCLUSION

For the reasons explained herein, this case is **DISMISSED WITH PREJUDICE**.

Given the dismissal of this case, Plaintiff's Motion for Service of Process (Doc. No. 7) is **DENIED AS MOOT**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE